# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) | |
| v. | ) | |
| Mark Dehart | ) | Case No. **CR 21-71523-MAG** |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 29, 2021__ in the county of __Santa Clara__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possesion of Ammunition |

This criminal complaint is based on these facts:

See Affidavit of ATF Special Agent Mai Nguyen

☑ Continued on the attached sheet.

/s/ phone

*Complainant's signature*

Mai Nguyen, ATF Special Agent

*Printed name and title*

Approved as to form */s/ Christoffer Lee*
AUSA Christoffer Lee

Sworn to before me by telephone.

Date: 9/24/21

City and state: San Jose CA

*Judge's signature*

Hon. Nathanael Cousins, U.S. Magistrate Judge

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Mai Nguyen, Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), being duly sworn, declare as follows:

### INTRODUCTION AND PURPOSE OF AFFIDAVIT

1. I submit this affidavit in support of a criminal complaint and arrest warrant for Mark Dehart ("DEHART"), alleging a violation of 18 U.S.C. § 922(g)(1)—possession of ammunition by a convicted felon. The charge relates to DEHART's possession on June 29, 2021 of .22 caliber ammunition manufactured by Federal Cartridge Company out of Anoka, MN. The ammunition was manufactured outside of California and therefore travelled through interstate commerce. DEHART is a convicted felon who is prohibited from possessing ammunition. On June 29, 2021, DEHART knew that he had previously been convicted of a felony.

2. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, material/data collected during this investigation, and information obtained from other agents/officers and witnesses. This affidavit does not set forth all of my knowledge about this matter; it is intended only to show that there is sufficient probable cause for the requested warrant. I have set forth only the facts that I believe are necessary to establish probable cause that DEHART violated 18 U.S.C. § 922(g)(1). My understanding of the facts and circumstances may evolve as the investigation progresses.

### AGENT'S BACKGROUND

3. I am a Special Agent (SA) with the ATF and have been so employed since January 2018. I am currently assigned to the San Jose Field Office in the San Francisco Field Division. I completed twenty-seven weeks of training, which was comprised of the Criminal Investigator Training Program and the ATF Special Agent Basic Training program at the Federal Law Enforcement Training Center and ATF National Academy in Glynco, Georgia. I received

extensive training in firearm identification, the identification and effects of controlled substances, the identification of improvised explosive devices, surveillance and electronic surveillance, and undercover investigations. During the course of my employment with ATF, I have investigated and assisted in the investigation of criminal violations relating to firearms and/or narcotics. My assignments include investigating individuals who illegally possess and transfer firearms, commit violent crimes involving firearms, and individuals who traffic controlled substances. I have participated in both firearms and narcotics investigations utilizing techniques including, but not limited to, undercover operations, informants, telephone toll analysis, records research, and physical and electronic surveillance.

## APPLICABLE LAW

4. 18 U.S.C. § 922(g)(1) prohibits a defendant from (1) knowingly possessing a firearm or ammunition, (2) that has been shipped or transported from one state to another or between a foreign nation and the United States, and (3) that at the time the defendant possessed the firearm or ammunition, the defendant knew that he had been convicted of a crime punishable by imprisonment exceeding one year (i.e., a felony).

5. Venue is proper in the Northern District of California as DEHART possessed the ammunition in San Jose, California, in the Northern District of California.

## STATEMENT OF FACTS ESTABLISHING PROBABLE CAUSE

**A.  DEHART's Prior Felony Convictions**

6. DEHART is a convicted felon, as he has been convicted of the following felonies:

   a. A review of court/law enforcement database records revealed DEHART incurred at least the following felony convictions in Santa Clara Superior Court: Penal Code section 245(a)(2), assault with a firearm; Penal Code section 245(a)(4), assault by force likely to produce great bodily injury; Penal Code section 273.5(a), infliction of corporal injury on a spouse; and Penal Code section 18720, making a destructive device without a permit. DEHART

was sentenced to six years in prison (three years plus three consecutive one-year sentences) and appears to have been paroled on or about May 24, 2019.

        b.      Furthermore, a review of a court/law enforcement database record revealed a protective order issued against DEHART with effective dates September 08, 2016 through September 08, 2021 that states: "The subject of this record is prohibited from receiving or possessing a firearm under federal law (Title 18, U.S.C., Section 922)."

        7.      In light of the above felony convictions, DEHART is not legally permitted to possess a firearm or ammunition.

**B.**      **DEHART's Knowledge of His Previous Felony Convictions**

        8.      Given DEHART was sentenced to at least three years of prison, he knew that he had been convicted of a crime punishable by imprisonment exceeding one year (i.e., a felony).

**C.**      **DEHART's Unlawful Possession of Ammunition, National Firearms Act (NFA) Weapons and Controlled Substances on June 29, 2021**

        7.      On June 29, 2021, at approximately 12:45 p.m., Santa Clara Police Department ("SCPD") officers and Santa Clara County Special Enforcement Team ("SCCSET") agents conducted a parole compliance check at DEHART's residence (located on Wainwright Drive in San Jose, CA) and workplace (located on De La Cruz Blvd, Santa Clara). Officers also searched a 2000 BMW sedan with license plate registered to DEHART. The BMW was parked at the parole office where law enforcement contacted DEHART.

        8.      Upon searching DEHART's 2000 BMW, officers found, amongst other materials:

    a. A bag containing approximately 17.2 grams (gross weight) of suspected methamphetamine, a schedule II controlled substance;

    b. Two (2) suspected methamphetamine pipes; and

    c. One (1) round of .22 caliber ammunition and (1) .22 caliber shell casing.

        9.      Before SCPD Officers and SCCSET Agents searched DEHART's residence located on Wainwright Drive, San Jose, CA, an SCCSET agent spoke with other occupants of the residence. The individuals stated that DEHART slept in the garage and had a room inside the

house where he stored his belongings. Officers were able to obtain the set of BMW and house keys DEHART brought with him to the parole office. Officers used this set of keys to unlock the doors to both the garage and the bedroom occupied and frequented by DEHART. Upon searching the garage where DEHART slept, law enforcement found:

    d. An AR style 5.56 caliber rifle, privately made firearm with no serial number;

    e. An AR style 5.56 caliber rifle, privately made firearm with no serial number with a barrel length of approximately 8 5/8 inches[1], loaded with thirty rounds of ammunition in a 30-round magazine;

    f. A Polymer80 .22 caliber pistol, privately made firearm with no serial number, loaded with (9) .22 caliber rounds;

    g. AR style Polymer lower with no serial number;

    h. Polymer 80 pistol frame, gray, located in the couch;

    i. Over 75 rounds of rifle ammunition found in a black laptop case, in magazines located at the base of a couch, and in a red tool bag;

    j. (8) .22 caliber rounds loaded in a magazine located at the base of a couch;

    k. (16) .22 caliber rounds loaded in a magazine located at the base of a couch;

    l. (1) .22 caliber round loaded in a magazine located on a work bench;

    m. (11) .22 caliber rounds located in a red tool bag;

    n. Glock pistol conversion kit;

    o. Red suspected silencer;[2]

---

[1] *See* 26 U.S.C. § 5845(a)((3) (defining NFA short-barreled rifle as "a rifle having a barrel or barrels of less than 16 inches in length").

[2] *See* 26 U.S.C. § 5845(a)(3) (defining silencer as "any silencer (as defined in section 921 of title 18, United States Code)); *see also* 18 U.S.C. § 921(24) (further defining "firearm silencer" and "firearm muffler" to "mean any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for

    p. Black suspected silencer;

    q. 3D printer;

    r. Multiple oil filters suspected to be used as silencers, flare guns, empty firearm magazines, bolt carriers and other miscellaneous rifle parts;

    s. Indicia for DEHART;

    t. A bag containing approximately 13.1 grams (gross weight) of suspected methamphetamine;

    u. A bag containing approximately 3.3 grams (gross weight) of suspected methamphetamine;

    v. A bag containing approximately 5.7 grams (gross weight) of suspected methamphetamine;

    w. Approximately 23.2 grams (gross weight) of suspected methamphetamine on a hot plate;

    x. A digital scale with suspected methamphetamine residue; and

    y. Empty bags commonly used to package controlled substances.

10. At DEHART's workplace, a motorcycle shop located on De La Cruz Blvd, Santa Clara, CA, law enforcement subsequently recovered, amongst other items:

    z. (2) suspected Glock Auto Switches (a component part that has the capability to convert a semi-automatic Glock pistol to a fully automatic machine gun).[3]

---

use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication.").

[3] 26 U.S.C. § 5845(b) defines "machinegun" as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. *The term shall also include* the frame or receiver of any such weapon*, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun*, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the

11. Based on my training and experience, the evidence seized and described above (including but not limited to Polymer 80 frames and kits, jigs, rifle parts, and 3D printer) is consistent with firearms manufacturing.

12. Law enforcement arrested DEHART for violating his parole terms. In a mirandized statement, DEHART denied possessing any drugs or firearms located in his BMW, vehicle, or garage.

**D.   Interstate Nexus of Firearm and Ammunition**

15. On June 29, 2021, law enforcement deputies seized from the trunk of DEHART's vehicle two rounds of .22 caliber ammunition (one live and one expended), both manufactured by Federal Cartridge Company out of Anoka, MN. Based on my training and experience, I know that the ammunition recovered by the law enforcement was manufactured outside the state of California, and therefore there is probable cause to believe the ammunition crossed state lines, affecting interstate commerce.

//
//
//
//
//
//
//
//
//
//
//

control of a person. (Emphasis added.) Based on my training and experience, Glock auto switches are designed and intended to convert a semi-automatic weapon into a machinegun.

## CONCLUSION

16. Based on the information above, I submit that there is probable cause to believe that on June 29, 2021, in the Northern District of California, the defendant, Mark DEHART, committed the following federal offense: possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). As such, I respectfully request the Court issue a criminal complaint and arrest warrant for DEHART for this offense.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted,

/s/ phone
_____
Mai Nguyen, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 24 day of September, 2021.

_____
HON. NATHANAEL COUSINS
United States Magistrate Judge

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

**BY:** [X] COMPLAINT　[ ] INFORMATION　[ ] INDICTMENT　[ ] SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 922(g)(1) – Felon in Possession of Ammunition

[ ] Petty
[ ] Minor
[ ] Misdemeanor
[X] Felony

**PENALTY:**
Maximum term of imprisonment: 10 years
Maximum fine:　$250,000
Supervised Release: 3 years
Special Assessment: $100 special assessment
Forfeiture of the firearm and ammunition

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

**DEFENDANT - U.S**

▶ Mark Dehart

**DISTRICT COURT NUMBER**

**CR 21-71523-MAG**

---

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

ATF

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
　[ ] U.S. ATTORNEY　[ ] DEFENSE

} SHOW DOCKET NO.

[ ] this prosecution relates to a pending case involving this same defendant

} MAGISTRATE CASE NO.

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form　Stephanie M. Hinds

[X] U.S. Attorney　[ ] Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)　Christoffer Lee, AUSA

## DEFENDANT

**IS *NOT* IN CUSTODY**
1) [ ] Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) [ ] Is a Fugitive
3) [ ] Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) [ ] On this charge
5) [ ] On another conviction　　[ ] Federal　[ ] State
6) [X] Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution
Elmwood Correctional Facility, Milpitas, CA

Has detainer been filed?　[ ] Yes　[X] No　If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year　June 29, 2021

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

[ ] This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

**PROCESS:**
[ ] SUMMONS　[ ] NO PROCESS*　[X] WARRANT　　Bail Amount: No Bail

If Summons, complete following:
[ ] Arraignment　[ ] Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:　　　Before Judge:

Comments: